UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60781-CIV-COHN

SULTAN SHAKIR,

    Petitioner,

v.

VERNION C. BENEBY
and EARL G. BENEBY,

    Respondents.
_____/

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

**THIS CAUSE** is before the Court upon Petitioner Sultan Shakir's Petition for Writ of Habeas Corpus [DE 1] ("Petition"). The Court has carefully reviewed the Petition and is otherwise fully advised in the premises.

In the Petition, Shakir challenges state-court rulings in a child-custody dispute involving his minor daughter. The crux of Shakir's claims is that the state courts erred in ultimately terminating his parental rights and declaring his daughter to be the legal child of Respondents, her maternal grandparents. See DE 1 at 52-53. The Petition seeks an order releasing the girl from Respondents' custody and turning her over to Shakir. See id. at 17-18.

Before addressing the merits of this case, the Court must determine whether subject-matter jurisdiction exists. See Wernick v. Matthews, 524 F.2d 543, 545 (5th Cir. 1975) ("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits. If we lack jurisdiction, it is our duty to notice that

fact sua sponte.");[1] see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Subject-matter jurisdiction "involves the court's competency to consider a given type of case," so it "cannot be waived or otherwise conferred upon the court by the parties." Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1000 (11th Cir. 1982).

Shakir's Petition is based on 28 U.S.C. § 2254. See DE 1 at 1.[2] Section 2254 requires a federal court to consider "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But while this statute uses the word "custody," that term "does not . . . refer to parental custody of a child or custody orders imposed by state courts." Rago v. Samaroo, 344 F. Supp. 2d 309, 314-15 (D. Mass. 2004) (citing Lehman v. Lycoming Cnty. Children's Servs. Agency, 458 U.S. 502, 514-16 (1982)). Indeed, the Supreme Court has emphasized that "federal habeas has never been available to challenge parental rights or child custody." Lehman, 458 U.S. at 511. "[B]ecause '§ 2254 does not confer federal-court jurisdiction' over challenges to state court child custody proceedings," Shakir's Petition must be dismissed. Staley v. Ledbetter, 837 F.2d 1016, 1018 n.3 (11th Cir. 1988) (per curiam) (quoting Lehman, 458 U.S. at 516 (alteration omitted)). Accordingly, it is

**ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus [DE 1]

---

[1] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Shakir cites various other statutes in support of federal jurisdiction, but none of them actually confer subject-matter jurisdiction over his claims. See DE 1 at 2.

is hereby **DISMISSED** for lack of subject-matter jurisdiction. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of April, 2015.

                                          JAMES I. COHN
                                          United States District Judge

Copies provided to:

Sultan Shakir, pro se
P.O. Box 948
Redan, GA  30074-0948